## McCloy v. Commonwealth

*Alex Echard*, for plaintiff.

*John L. Heaton*, Assistant Attorney General, for defendants.

MIHALICH, J., May 29, 1974.—This case comes before the court en banc for determination of defendant's preliminary objections in the nature of a motion to strike the complaint.

Plaintiff filed his complaint in trespass against the above-captioned defendants alleging that plaintiff had been denied the issuance of an inspection license by defendants. He further alleges that his father was the prior owner of the service station whose license to inspect had been suspended. The business was transferred to plaintiff who applied for the inspection license. Plaintiff further alleges that the sole reason for the denial was the fact that plaintiff was the son of the former owner.

Defendants' preliminary objections in the nature of a motion to strike aver as follows:

"1. Original jurisdiction of all civil actions or proceedings against the Commonwealth or any officer thereof with certain enumerated exceptions which are not applicable in the present case lies with the Commonwealth Court of Pennsylvania pursuant to the Appellate Court Jurisdiction Act of July 31, 1970, P. L. 673, art. IV, sec. 401, 17 PS §211.401.

"2. Even if the action were commenced in the proper forum, it is not the proper subject matter for a complaint in trespass, is defective on its face, and fails to set forth a cause of action.

"3. Nor is the Department's action referred to in paragraph 14 of the complaint, the proper subject matter of a statutory appeal in that section 819(b), as amended, provides for timely appeals to the Commonwealth Court only by a person whose certificate of appointment has been suspended under the provisions of the act. No such allegation exists in the complaint."

The basis of plaintiff's suit is a trespass action for the failure of defendants to issue the inspection license. It is an action naming the Commonwealth of Pennsylvania and its officers acting in their official capacity as defendants. The court of common pleas

does not have jurisdiction of such an action as declared by the Act of July 31, 1970, P. L. 673 (No. 223), art. IV, sec. 401, 17 PS §211.401. The Commonwealth Court is given original jurisdiction of:

"(1) all civil actions or proceedings against the Commonwealth or any officer thereof, acting in his official capacity."

The court is bound by the above-cited act to dismiss the complaint; however, it feels obligated to make the following comments and suggestions.

First: Plaintiff believes he has met all qualifications to be issued an inspection license and, therefore, perhaps the proper remedy would be an action in mandamus to compel the officers of the Commonwealth to comply with the procedural rules.

Second: If the Commonwealth's contention is that it will not issue an inspection license to the son of an individual whose inspection license has been suspended, then, by the same reasoning, the Commonwealth would be justified in putting the children of all convicted felons in jail, since they are of the same blood line. Such reasoning cannot be accepted by this court. It would appear to the court that one cannot impute acts of another to their children.

It is the hope of this court that the above commentaries will produce a reevaluation of the applicable procedures and alleviate the apparent injustice which has arisen.

For the above reason, the court will issue the following order:

## ORDER

And now, May 29, 1974, it is hereby ordered, adjudged and decreed that defendants' preliminary objections in the nature of a motion to strike the complaint are sustained.